UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
LINNETT PLUNKETT,

                             Plaintiff,

            -against-

U.S. BANK NATIONAL ASSOCIATION, AS
TRUSTEE, FOR RESIDENTIAL ASSET
SECURITIES CORPORATION, HOME EQUITY
MORTGAGE ASSET-BACKED PASS-THROUGH
CERTIFICATES, SERIES 2006-EMX2,

                        Defendant.
-------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM & ORDER**
16-CV-5787 (JMA)(GRB)

**FILED**
**CLERK**

8/3/2018 2:50 pm

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**APPEARANCES:**

    Linnett Plunkett
       *Pro Se Plaintiff*

    Lisa Fried
    Cameron Everett Grant
    Hogan Lovells US LLP
    875 Third Avenue
    New York, NY 10022
       *Attorney for Defendant U.S. Bank*
       *National Association*

**AZRACK, United States District Judge:**

On October 17, 2016, *pro se* plaintiff Linnett Plunkett ("Plaintiff") filed a complaint against

U.S. Bank National Association ("U.S. Bank" or "Defendant"). Before the Court is Defendant's

motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(5). For the

reasons set forth below, the Court grants Defendant's motion.

## I.    BACKGROUND

Plaintiff's claim arises from a mortgage executed on or about December 12, 2005 (the

"Mortgage") regarding a property at 1596 Johnson Avenue, Elmont, NY 11003 (the "Property")

and a related foreclosure action brought by Defendant against Plaintiff in Supreme Court of the State of New York for Nassau County, U.S. Bank v. Plunkett, Index. No. 9271/2009 (the "Foreclosure Action"). (See Compl. ¶¶ 6, 115, ECF No. 1; Grant Decl., Ex. 2, ECF No. 13.) As the motion before the Court is limited to the issue of whether Plaintiff properly served the complaint on Defendant, only facts and procedural history relevant to that issue are set forth below.

On October 17, 2016, Plaintiff filed this action against U.S. Bank alleging twenty-five causes of action, including alleged violations of the Truth In Lending Act, 15 U.S.C. § 1601 (1976), the Truth In Lending Act (Regulation Z), 12 C.F.R. § 226 (2010), and the Real Estate Settlement and Procedures Act, 12 U.S.C. § 2601 (2010), resulting from Defendant's alleged failure to provide her with various disclosures and loan history documents regarding the Mortgage. (See Compl. ¶¶ 6-105.) Plaintiff's complaint seeks injunctive relief, rescission of the Mortgage, and various compensatory and punitive damages. (Id. at ¶¶ 115-23; Grant Decl., Ex. 2.)

On October 18, 2016, Plaintiff attempted to serve the complaint, without the summons, by facsimile to Gross Polowy, LLC ("Gross Polowy"), Defendant's counsel in the Foreclosure Action. (Grant. Decl., Ex. 3.) Gross Polowy rejected this attempt at service and indicated that their office "does not accept service via facsimile." (Id.) On November 1, 2016, the *Pro Se* Office for the Eastern District of New York sent Plaintiff a letter acknowledging receipt of her complaint and informing Plaintiff that "it is your responsibility to serve the summons and complaint upon the Defendant(s) pursuant to Fed. R. Civ. P. 4." (ECF No. 4.) On January 31, 2017, the Court issued an order noting that Plaintiff had not served Defendant by January 5, 2017—the deadline required by Rule 4—and extending the time for Plaintiff to serve Defendant to February 28, 2017. (ECF No. 5.)

On March 2, 2017, Plaintiff filed two United States Postal Service ("USPS") certified mail receipts, along with a copy of the summons and the docket sheet, as proof of service. (ECF No.

2

6.)  One of the certified mail receipts shows a mailing to Gross Polowy, and the other receipt shows a mailing to "U.S. Bank, N.A." at 3476 State View Boulevard, Fort Mills, South Carolina 29715. (Id.)  The record reflects that this address is associated with Wells Fargo Home Mortgage ("Wells Fargo") and not with Defendant, U.S. Bank, which does not appear to be associated with any address in Fort Mills, South Carolina.  (Grant Decl. ¶ 4.)  Plaintiff has not filed any additional proof of service with the Court.

In support of the instant motion to dismiss, Defendant provided the Court with a "Notice of Service of Process" from Corporation Service Company ("CSC").  (Id. at Ex. 5.)  This notice indicates that, on March 8, 2015, as agent for Wells Fargo, CSC was served with a copy of the summons and complaint in South Carolina.  (Id.)

On April 4, 2017, Defendant filed a letter motion for a pre-motion conference concerning a proposed motion to dismiss.  (ECF No. 11.)  On June 1, 2017, the Court issued an order noting that Plaintiff had not filed a response to Defendant's pre-motion conference letter and warning that, if Plaintiff failed to file a response by July 3, 2017, the Court might dismiss the action for failure to prosecute.  (See June 1, 2017 Order.)

On July 17, 2017, the Court issued a second order noting that Plaintiff had failed to file a response to Defendant's pre-motion conference letter by the July 3, 2017 deadline and informing Plaintiff that, by August 18, 2017, Plaintiff had to either file an opposition or indicate by letter that she did not wish to file an opposition but still intends to prosecute the suit.  (See July 17, 2017 Order.)  This order warned Plaintiff that a failure to comply might result in the Court dismissing this action without prejudice pursuant to Federal Rule of Civil Procedure 41(b).  (Id.)  On August 18, 2017, Plaintiff filed a letter indicating that she did not wish to file an opposition but still intends to prosecute the suit.  (ECF No. 12.)  The Court then issued a scheduling order waiving the pre-

motion conference requirement, allowing Defendant to limit its motion to dismiss to the issue of service, and ordering Plaintiff to file an opposition brief by January 3, 2018. (See Dkt.)

On November 27, 2017, Defendant filed a motion to dismiss, which is now before the Court. (ECF No. 13.) On January 16, 2018, the Court issued an order noting that Plaintiff had not filed an opposition brief to Defendant's motion by the January 3, 2018 deadline and ordering that, by January 31, 2018, Plaintiff file either an opposition or a letter to the Court indicating an intent to prosecute the suit. (Jan. 16, 2018 Order.) In a letter dated January 31, 2018, Plaintiff informed the Court that she did not wish to file an opposition but still intends to prosecute the suit. (ECF No. 14.)

## II.    DISCUSSION

### A. *Pro Se* Pleading Standard

Where, as here, a plaintiff is proceeding *pro se*, the plaintiff's complaint and other filings must be construed liberally with "special solicitude" and interpreted to raise the strongest claims and arguments that they suggest. Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011) (internal quotations omitted). It is well-established in the Second Circuit that "courts should take special care when deciding whether to dismiss a complaint for failure of proper service because '*pro se* plaintiffs should be granted special leniency regarding procedural matters.'" Goonewardena v. Spinelli, No. 15-CV-5239, 2017 WL 4280549, at *6 (E.D.N.Y. Sept. 26, 2017) (quoting Thrall v. Cent. N.Y. Reg'l Trans. Auth., 399 F. App'x 663, 666 (2d Cir. 2010)).

### B. Fed. R. Civ. P. 12(b)(5)

Because Defendant moves to dismiss the complaint pursuant to Rule 12(b)(5) for insufficient service of process, the "court must look[] to matters outside the complaint to determine whether it has jurisdiction." Cassano v. Altshuler, 186 F. Supp. 3d 318, 320 (S.D.N.Y. 2016) (citing Darden v. DaimlerChrysler N. Am. Holding Corp., 191 F. Supp. 2d 382, 386 (S.D.N.Y.

2002)).  When, as here, a defendant challenges the sufficiency of service of process, the plaintiff

bears the burden of showing that service was adequate.  See Mende v. Milestone Tech., Inc., 269

F. Supp. 2d 246, 251 (S.D.N.Y. 2003) (internal citation omitted); Darden, 191 F. Supp. 2d at 387

(internal citation omitted).

Federal Rules of Civil Procedure provide that the plaintiff is responsible for serving the

summons and complaint "within 90 days after the complaint is filed, [or] the court—on motion or

on its own after notice to the plaintiff—must dismiss the action without prejudice against that

defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m); see also

Fed. R. Civ. P. 4(c)(1).  However, if a plaintiff can show good cause for the failure to effect proper

service of process, "the court must extend the time for service for an appropriate period."  Fed. R.

Civ. P. 4(m).  Further, "even in the absence of good cause," a court may exercise its discretion to

grant an extension of time for a plaintiff to effect proper service.  Garcia v. City of New York, No.

15-CV-7470, 2017 WL 1169640, at *5 (S.D.N.Y. Mar. 28, 2017); see also Zapata v. City of New

York, 502 F.3d 192, 197 (2d Cir. 2007) ("The first clause of Rule 4(m), which makes no mention

of good cause, grants discretion to district courts in a backhanded fashion by dictating that they

'shall' take a certain action . . . they must decide to dismiss . . . or decide not to dismiss.")

## C.  **Service of Process**

Under federal rules, service upon a corporation within a judicial district of the United States

can be effected either pursuant to the laws of the forum state in which the corporation is to be

served, see Fed. R. Civ. P. 4(e)(1), or

> by delivering a copy of the summons and of the complaint to an
> officer, a managing or general agent, or any other agent authorized
> by appointment or by law to receive service of process and—if the
> agent is one authorized by statute and the statute so requires—by
> also mailing a copy of each to the defendant.

Fed. R. Civ. P. 4(h)(1).

5

Applicable New York law provides that "[p]ersonal service upon a corporation . . . shall be made by delivering the summons . . . to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service." N.Y. C.P.L.R. 311(a)(1). Alternatively,

> a summons and complaint . . . may be served . . . to the person or entity to be served, by first class mail, postage prepaid, a copy of the summons and complaint, or summons and notice or notice of petition and petition, together with two copies of a statement of service by mail and acknowledgement of receipt . . . with a return envelope, postage prepaid, addressed to the sender . . . . The defendant . . . must complete the acknowledgement of receipt and mail or deliver one copy of it within thirty (30) days from the date of receipt. Service is complete on the date the signed acknowledgement of receipt is mailed or delivered . . . [, which] shall constitute proof of service.

N.Y. C.P.L.R. 312-a(a)-(b). If, however, a defendant fails to return a signed acknowledgment, the plaintiff is then required to serve the defendant by other means. Smith v. Bray, No. 13-CV-07172, 2014 WL 5823073, at *3 (S.D.N.Y. Nov. 10, 2014)

### 1. Service upon Gross Polowy Was Defective

Plaintiff's first attempt at service—faxing only the complaint to Gross Polowy on October 18, 2017—was insufficient service of process. First, while both Federal Rules of Civil Procedure and New York state law prescribe methods for effecting proper service of process on a corporation through delivery, and state law additionally allows for service by first-class mail, neither allows for service via facsimile. See Fed. R. Civ. P. 4; N.Y. C.P.L.R. 311-12. Notably, given that Gross Polowy rejected service and indicated that their office "does not accept service by facsimile," Grant. Decl., Ex. 3, Plaintiff was or should have been aware that this attempt was ineffective.

Second, this attempted service was insufficient because Plaintiff faxed only the complaint to Gross Polowy. (Id. at Ex. 3.) While federal rules require that Plaintiff deliver a copy of both the summons and complaint, see Fed. R. Civ. P. 4(h)(1), and New York state law allows for

6

delivery of only the summons, see N.Y. C.P.L.R. 311(a)(1), neither allows for service of only the complaint without the summons.  See Dorrough v. Harbor Sec., LLC, No. 99-CV-7589, 2002 WL 1467745, at *4 (E.D.N.Y. May 10, 2002) (finding an attempt at service of process ineffective under federal and New York state rules because the plaintiff failed to enclose the summons).

Third, even if Plaintiff's *method* of service had been completed in accordance with federal or state procedural rules, this attempt would still be improper because it was made on Gross Polowy, which was not authorized to accept service on behalf of Defendant.  Generally, service on agents not "authorized by appointment or by law to receive service" is ineffective under both the federal rules and New York state law, see Fed. R. Civ. P. 4(h)(1); N.Y. C.P.L.R. 311(a)(1), and the plaintiff bears the burden of providing "a basis for an inference that a defendant has authorized a person or entity to accept service."  Scot Lubricants of Pa., Inc. v. YPF, S.A., No. 95-CV-9602, 1996 WL 278082, at *1 (S.D.N.Y. May 24, 1996) (citing Santos v. State Farm Fire & Casualty Co., 902 F.2d 1092, 1094 (2d Cir. 1990)).

It is also well-established in this Circuit that "service of process on an attorney not authorized to accept service for [a] client is ineffective."  Williams-Steele v. TransUnion, 642 F. App'x 72, 73 (2d Cir. 2016) (finding no basis to support an argument that the defendant's law firm was authorized to accept service on its behalf and holding that service was therefore ineffective) (quoting Santos, 902 F.2d at 1094); see also Balarezo v. Ocwen Loan Servicing, LLC, No. 17-CV-3033, 2017 WL 4857598, at *7 (S.D.N.Y. Oct. 24, 2017) (same).  Here, Plaintiff has failed to allege any facts or provide any evidence to show that Gross Polowy was authorized to accept service on behalf of Defendant.  As nothing presently before the Court suggests otherwise, Plaintiff has failed to meet her burden of providing "a basis for an inference" that Gross Polowy was authorized to accept service of process on behalf of Defendant.  Scot Lubricants of Pa., Inc., 1996 WL 278082, at *1 (citing Santos, 902 F.2d at 1094).

**2.    Service upon Gross Polowy and Defendant by Mail Was Defective**

Plaintiff's March 2, 2017 attempted service by certified mail—the second attempt of which the Court is aware—suffers from numerous similar defects and was therefore also ineffective.  As discussed, while federal rules do not prescribe a method of service by mail, see Fed. R. Civ. P. 4, New York state law authorizes service of process on a corporation by first-class mail only if the plaintiff directs the mailing to the entity being served and includes "the summons and complaint, or summons and notice or notice of petition and petition, together with two copies of a statement of service by mail and acknowledgement of receipt . . . with a return envelope, postage prepaid." N.Y. C.P.L.R. 312-a(a).  Further, service is only complete once the defendant or defendant's attorney completes the acknowledgement of receipt and mails it to the original sender, which then serves as proof of service.  Id. at 312-a(b).

Here, Plaintiff failed to satisfy any of these requirements in her attempt at service by mail. First, the two USPS certified mail receipts that Plaintiff filed as proof of service reflect that neither mailing was directed to Defendants.  (See ECF No. 6.)  Instead, one mailing was directed to Gross Polowy in New York—which, as discussed, was not authorized to receive service of process on behalf of Defendant, see supra Section II-C-1—while the other was mailed to a South Carolina address that appears to be associated with Wells Fargo.  (See Grant Decl. ¶ 4.)

Second, Plaintiff's March 2, 2017 filing with the Court appears to indicate that she included only the summons and the docket sheet in the two mailings.  (ECF No. 6.)  Plaintiff therefore failed to enclose many of the forms required by New York statute, including the complaint, a statement of service by mail, an acknowledgement of receipt, and a prepaid return envelope addressed to sender.  See N.Y. C.P.L.R. 312-a(a).

Third, Plaintiff improperly filed the USPS certified mail receipts as proof of service—rather than an acknowledgement of receipt completed by Defendant or its attorney, as required by

New York law, see id. at 312-a(b)—and the Court finds no indication that such adequate proof of service exists. See Mende, 269 F. Supp. 2d at 252 (noting that, under New York state law, service is only complete once the defendant returns an acknowledgment of receipt and that, if the defendant fails to do so, the plaintiff is required to effect service of process in another manner) (citing Dillion v. U.S. Postal Serv., No. 94-CV-3187, 1995 WL 447789, at * 4 (S.D.N.Y. July 28, 1995)). Because Plaintiff failed to direct either mailing to Defendant or its authorized agent, failed to enclose nearly all of the statutorily prescribed materials, and failed to file adequate proof of service pursuant to New York law, Plaintiff's attempt at service by mail was also ineffective.

### 3. Service upon CSC Was Defective

Lastly, Plaintiff's only other attempt at service of which the Court is aware—serving CSC in South Carolina with a copy of the summons and complaint on March 8, 2017—was similarly defective because it was made on an improper party. As discussed, both federal rules and New York state law authorize personal service of process on a corporation through delivery to only an officer, managing or general agent, or any other agent authorized to receive service of process, while state law additionally allows for delivery to a director, cashier, or assistant cashier. See Fed. R. Civ. P. 4(h)(1); N.Y. C.P.L.R. 311(a)(1). Here, Plaintiff failed to serve any of these statutorily authorized parties and instead appears to have mistaken CSC for an agent authorized to accept service of process on behalf of Defendant in South Carolina.[1] Accordingly, this attempt at service was also ineffective.

---

[1] Defendant's registered agent for service of process in South Carolina appears to be CT Corporation System rather than CSC. (See Grant Decl., Ex. 6; U.S. Bank National Association, S.C. SEC'Y OF STATE, https://businessfilings.sc.gov/BusinessFiling/Entity/Profile/709af5f5-9efd-4216-9958-5921e21a0738 (last visited Jul. 23, 2018). Although Defendant provided this information in its motion to dismiss, there is no evidence that Plaintiff has made any further effort to serve defendant through CT Corporation System.

**D.  Plaintiff Has Failed to Show Good Cause for An Extension**

Because Plaintiff failed to effectuate proper service of process on Defendant, the Court now considers whether Plaintiff has established good cause for an extension of time to serve.  In evaluating whether a plaintiff has shown good cause for failure to properly serve the complaint, courts consider: "(1) the reasonableness and diligence of [the p]laintiff's efforts to serve, and (2) the prejudice to the [m]oving [d]efendants from the delay."  Lab Crafters, Inc. v. Flow Safe, Inc., 233 F.R.D. 282, 284 (E.D.N.Y. 2005) (citing Blessinger v. United States, 174 F.R.D. 29, 31 (E.D.N.Y. 1997)); see also Brunson-Bedi v. New York, No. 15-CV-9790, 2018 WL 2084171, at *6 (S.D.N.Y. May 1, 2018) ("A court must weigh 'the plaintiff's reasonable efforts to effect service [against] the prejudice to the defendant from the delay,' to ascertain whether good cause exists.") (alteration in original) (quoting George v. Prof'l Disposables Int'l, Inc., 221 F. Supp. 3d 428, 432-33 (S.D.N.Y. 2016)).

However, "a plaintiff's pro se status is no excuse for failure to serve the defendant properly and does not automatically amount to good cause."  Jordan v. Forfeiture Support Assocs., 928 F. Supp. 2d 588, 598 (E.D.N.Y. 2013) (internal citation omitted).  "Courts generally will find good cause only where the failure to effect timely service was the result of circumstances beyond [the plaintiff's] control, and was not the result of mere 'inadvertence, neglect, mistake or misplaced reliance.'"  Gunderson Amazing Fireworks, LLC v. Merrick Bank, No. 12-CV-3869, 2016 WL 4468235, at *8 (E.D.N.Y. Aug. 24, 2016) (quoting Micciche v. Kemper Nat'l Servs., 560 F. Supp. 2d 204, 209 (E.D.N.Y. 2008)).

Here, Plaintiff has failed to establish good cause for her failure to effect proper service of process.  As discussed, while Plaintiff did in fact attempt to serve Defendants with the complaint on three separate occasions of which the Court is aware, each suffered from numerous, significant defects which rendered them ineffective under both federal and state rules regarding service.  See

supra Section II-C.  Further, Plaintiff has failed to allege any facts or offer any evidence whatsoever to support a finding of good cause for an extension of time.  Lastly, Plaintiff declined to oppose the present motion, even after the Court *sua sponte* granted her a nearly one-month-long extension to do so.  (See Jan. 16, 2018 Order; ECF No. 14.)

Accordingly, the Court has no basis to conclude that Plaintiff failed to effectuate proper service for reasons beyond her control or for any reason other than "mere inadvertence, neglect, [or] mistake," which, as discussed, is insufficient to show good cause.  Gunderson Amazing Fireworks, LLC, 2016 WL 4468235, at *8 (internal quotations omitted); see also Charles v. N.Y.C. Police Dep't, No. 96-CV-9757, 1999 WL 717300, at *6 (S.D.N.Y. Sept. 15, 1999) ("Ignorance of the law, even in the context of pro se litigants, does not constitute good cause.").  Plaintiff has therefore failed to establish good cause for an extension of time to serve the complaint.

### E.  A Discretionary Extension to Effect Service is Not Warranted

The Court also declines to grant Plaintiff a discretionary extension of time to serve.  As discussed, "a district court *may* grant an extension in the absence of good cause, but it is not required to do so."  Zapata, 502 F.3d at 197 (alteration in original).  In considering whether a discretionary extension of time is appropriate absent good cause, "a district court should first consider whether the plaintiff has 'advance[d] some colorable excuse for neglect.'"  Brunson-Bedi, 2018 WL 2084171, at *7 (quoting Zapata, 502 F.3d at 198) (alteration in original); see also Smith, 2014 WL 5823073, at *6 (same).

Further, courts also consider: "(1) whether any applicable statutes of limitations would bar the action once refiled; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether defendant attempted to conceal the defect in service; and (4) whether defendant would be prejudiced by extending plaintiff's time for service."  George, 221 F. Supp.

3d at 435; see also Deluca v. AccessIT Grp., Inc., 695 F. Supp. 2d 54, 67 (S.D.N.Y. 2010) (discussing the discretionary factors).

Although Plaintiff is *pro se*, after considering all of the relevant factors, the Court declines to grant Plaintiff a further extension of time to effect service. Cf. Brunson-Bedi, 2018 WL 2084171, at *10 (declining to grant a discretionary extension of time under Rule 4(m) to a *pro se* plaintiff); Brooks v. Educ. Bus Transp., No. 14-CV-3237, 2015 WL 7012924, at *7 (E.D.N.Y. Nov. 12, 2015) (same). Notably, as discussed, Plaintiff missed multiple deadlines set by the Court and has failed to file any substantive responses to Defendant's pre-motion conference letter or instant motion to dismiss. See supra Section I. Moreover, although Defendant identified the obvious defects in each of Plaintiff's attempts at service in its November 27, 2017 motion to dismiss, see ECF No. 13, nothing in the record indicates that Plaintiff has made any effort to remedy those defects in the interim. Finally, as set forth in Defendant's pre-motion conference letter, all of Plaintiff's claims in her complaint appear to fail on multiple grounds, including the relevant statute of limitations, as the mortgage transaction at issue occurred in December 2005. (See ECF No. 11.)

### III.    CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is GRANTED without prejudice. The Clerk of Court shall close this case and send a copy of this Order to the *pro se* plaintiff.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Date:  August 3, 2018                                    _____/s/ (JMA)_____
        Central Islip, New York                 JOAN M. AZRACK
                                                                 UNITED STATES DISTRICT JUDGE

12